IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ENOS F. TAPLIN, Jr., | ) | |
| #2015-0915076, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-01146-SMY** |
| | ) | |
| WARDEN PINCKNEYVILLE CC | ) | |
| and WARDEN MENARD CC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently detained at Cook County Department of Corrections located in Cook County, Illinois.  Proceeding *pro se*, he filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois on August 18, 2016.  In the Complaint (Doc. 1), Plaintiff alleges numerous violations of his constitutional rights that occurred at Pinckneyville Correctional Center ("Pinckneyville") and Menard Correctional Center ("Menard") between 2013 and 2015.  Both prisons are located in the federal judicial district for the Southern District of Illinois.  As a result, on October 17, 2016, the case was transferred to this District (Doc. 8).

Before this Court had an opportunity to screen the original Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. 13) on November 4, 2016.  Along with the motion, Plaintiff filed a proposed Amended Complaint. For the reasons set forth herein, the motion shall be denied.

The proposed Amended Complaint is incomplete and the Court does not accept piecemeal amendments. An Amended Complaint supersedes and replaces the original

Complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, Plaintiff must prepare and file an Amended Complaint that stands on its own without reference to any prior Complaints.

Here, the proposed Amended Complaint cannot stand on its own. First, it is missing pages. The Amended Complaint consists of pages that Plaintiff numbered "1, 2, 3, 4, 5, 5 and 5," followed by two pages with no numbers at the bottom. At the top of the same pages, Plaintiff listed the following page numbers: "2, 2, 2, 2, 2, 3 and 4," followed by two pages with no numbers.

Secondly, the proposed Amended Complaint includes no request for relief, an omission that violates Rule 8(a)(3) of the Federal Rules of Civil Procedure. Rule 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." *See id.* The proposed Amended Complaint also lacks Plaintiff's signature, which violates the requirement under Rule 11(a) of the Federal Rules of Civil Procedure that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." With these many deficiencies, the Amended Complaint cannot stand on its own.

Finally, the original Complaint also cannot stand on its own. In it, Plaintiff names the wardens at Pinckneyville and Menard as the only defendants. However, he does not mention them in his statement of claim and he seeks only monetary damages against them. He attempts to amend it using his proposed Amended Complaint.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir.

2005) (citations omitted).  The doctrine of *respondeat superior* does not apply to actions filed under § 1983.  *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Merely invoking the name of a supervisory defendant in the case caption, as Plaintiff has done in the Complaint, is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   Plaintiff must instead include allegations indicating who violated his constitutional rights, state when his rights were violated, and describe the conduct of each defendant that resulted in each alleged violation.  The original Complaint does not satisfy these standards and is subject to dismissal for failure to state a claim upon which relief may be granted.

Given the above considerations, the Court finds that dismissal of the original Complaint (Doc. 1) and denial of the Motion for Leave to File Amended Complaint are both warranted.  However, Plaintiff shall be granted leave to file a "First Amended Complaint" consistent with the instructions and deadline set forth in the below disposition.

## Pending Motions

1.      **Motion for Leave to File Amended Complaint (Doc. 13)**

Plaintiff's Motion for Leave to File Amended Complaint is **DENIED** for the reasons set forth in this Order.

2.      **Motion for Attorney Representation (Doc. 4)**

Plaintiff's Motion for Attorney Representation (Doc. 4) is hereby **DENIED** without prejudice.  There is no constitutional or statutory right to the appointment of counsel in a civil case.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must then examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff discloses no efforts to retain counsel on his own before seeking the Court's assistance in doing so. He generally, and rather vaguely, alleges that he cannot contact attorneys from Cook County Department of Corrections because he has no phone access. However, he does not indicate whether he has attempted to contact them by any other means, or that he lacked the resources to do so. He could write letters seeking the assistance of counsel and then submit proof of these written requests with his motion. However, Plaintiff did not do so. Under the circumstances, the Court cannot conclude that Plaintiff has made reasonable attempts to secure counsel on his own.

There are other reasons why it would be inappropriate to recruit counsel at this time. Plaintiff is a high school graduate who has demonstrated his ability to litigate his claims in federal court. He has filed more than a dozen civil rights actions pursuant to 42 U.S.C. § 1983 in 2016. He has filed fairly coherent pleadings in this case. Setting aside the fact that he raises

unrelated claims against different groups of defendants, the Complaint is generally well written. Plaintiff simply needs to streamline his factual narrative and focus on a single set of related claims against the same group of defendants, if he wants to avoid severance of unrelated claims into new cases and the assessment of a filing fee in each such case.  For now, Plaintiff has demonstrated his ability to proceed *pro se* in this matter.   The Motion for Attorney Representation (Doc. 4) is denied without prejudice to Plaintiff renewing this request as the case proceeds.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before December 13, 2016.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the Court will assess a "strike" against Plaintiff.  *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-01146-SMY).  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the

actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new Complaint.  Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An Amended Complaint supersedes and replaces the original Complaint, rendering the original Complaint void.  *See Flannery*, 354 F.3d at 638 n. 1.  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

**IT IS SO ORDERED.**

**DATED: November 15, 2016**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**