# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ENOS F. TAPLIN, Jr., #R60561, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-cv-01146-SMY |
| WARDEN PINCKNEYVILLE CC and WARDEN MENARD CC, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 16) filed by Plaintiff Enos Taplin, Jr., an inmate who is currently incarcerated at Western Illinois Correctional Center. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in order to address numerous alleged violations of his constitutional rights that occurred at Pinckneyville Correctional Center ("Pinckneyville") and Menard Correctional Center ("Menard"). (Doc. 1). The original Complaint did not survive screening and was dismissed without prejudice on November 15, 2016. (Doc. 15).

Plaintiff was granted leave to re-plead his claims in a First Amended Complaint (Doc. 16), which is now before the Court for review. Section 1915A provides, in pertinent part:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint, the Court deems it appropriate to exercise its authority under § 1915A and the Federal Rules of Civil Procedure by severing certain claims and dismissing others. The First Amended Complaint does not survive screening.

**Background**

On August 18, 2016, Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois in order to address alleged violations of his constitutional rights that occurred during his incarceration at Pinckneyville Correctional Center in 2013 and Menard Correctional Center from 2013-15. (Doc. 1). Both prisons are located in the federal judicial district for the Southern District of Illinois, and the events giving rise to Plaintiff's claims occurred here. For this reason, the Northern District transferred the case to this District on October 17, 2016. (Doc. 8).

Plaintiff filed a Motion for Leave to File Amended Complaint on November 4, 2016, before this Court screened the Complaint (Doc. 13). The Court denied the motion because

Plaintiff's proposed amended complaint was obviously incomplete as he omitted several pages and a request for relief from the proposed amended pleading (Doc. 15).

The Court also found that the original Complaint failed to state a claim upon which relief may be granted and thus, did not survive preliminary review under § 1915A. *Id*. The Court therefore entered an Order dismissing the Complaint without prejudice on November 15, 2016. *Id*.

Plaintiff was granted leave to file a First Amended Complaint by December 13, 2016. (Doc. 15, p. 5). He was instructed to "present each claim in a separate count, and . . . specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant." *Id*. (emphasis in original). Further, Plaintiff was warned that he "should *include only related claims* in his new Complaint [because] [c]laims found to be unrelated to one another w[ould] be severed into new cases, new case numbers w[ould] be assigned, and additional filing fees w[ould] be assessed." (Doc. 15, pp. 5-6) (emphasis in original).

## First Amended Complaint

Plaintiff filed a timely First Amended Complaint. (Doc. 16). In it, he names Pinckneyville's warden and Menard's warden as the only two defendants. (Doc. 16, pp. 1-2). He claims that both defendants violated his rights under the First, Eighth and Fourteenth Amendments. (Doc. 16, pp. 5-8). A summary of the allegations offered in support of these claims follows.

### *Pinckneyville*

Plaintiff alleges that Pinckneyville's warden is responsible for constitutional violations that occurred at the prison between February 5, 2013 and September 6, 2013. (Doc. 16, pp. 1, 5-

6). On March 26, 2013, Plaintiff was allegedly taken to segregation after pressing an emergency button to request his psychotropic medication. (Doc. 16, p. 5). He received thirty days in segregation for a "housing refusal." *Id*. Plaintiff then received an additional sixty days in segregation, instead of thirty, as punishment for destruction of state property. *Id*.

When Plaintiff asked Officer Hicks to explain why he had received so many "unnecessary tickets" between March 26, 2013 and July 31, 2013, the officer told him that he would have "a problem" if he ever asked that question again. (Doc. 16, p. 5). Plaintiff responded by stating, "if you ar[e]n't going to tell me that there is a mistake . . . , you better get someone like the leuitenant (sic) to help me." *Id*. Officer Hicks reported this "threat" to the disciplinary committee and Plaintiff was given another thirty days in segregation. *Id*.

Plaintiff alleges that he remained in segregation at Pinckneyville for a total of five months. (Doc. 16, p. 6). During this time, he was denied his psychotropic medications. *Id*. At one point, he was dragged to the shower without any clothing by an unidentified officer who choked him until he lost consciousness and then sprayed him in the face with pepper spray. *Id*. In addition, Plaintiff "was spit on," called a "nigger[ ]," and threatened with a beating if he said "a word" while being placed in a prison jumpsuit in preparation for his transfer to Menard. *Id*.

In connection with these allegations, Plaintiff names Pinckneyville's warden for violating his rights under the First, Eighth, and Fourteenth Amendments. *Id*.

### *Menard*

Plaintiff blames Menard's warden for alleged constitutional violations that occurred following his disciplinary transfer to that prison on September 6, 2013. (Doc. 16, pp. 6-8). Specifically, Plaintiff was allegedly harassed by 15-20 correctional officers who were part of a "welcoming committee." (Doc. 16, p. 6). The officers spit on Plaintiff and forced him to crawl

to the wall while he was shackled and cuffed behind his back. *Id*. He could not move quickly enough to satisfy the officers, and they began kicking him. *Id*. They held him against the wall and "smashed" his head with their elbows and knees, while saying that they were going to beat Plaintiff "to death." *Id*. Plaintiff was then placed in a jumpsuit. (Doc. 16, p. 7). He remained cuffed behind his back for a total of 5-7 hours. *Id*.

The cuffs were finally removed when Plaintiff was placed in segregation. (Doc. 16, p. 7). He remained there for almost two months. *Id*. The cell was small (*i.e.*, approximately 4' x 10' x 12'). *Id*. Plaintiff could not move freely in it. *Id*. The ventilation was poor. *Id*. There was mold on the walls, spider webs on the doors and maggots in the toilets. *Id*. Plaintiff also had no human contact during this time period. (Doc. 16, p. 7). A social worker made rounds every three months. *Id*. However, prison officials generally avoided inmates who were confined in this area of the prison because they often spit on and hit correctional officers, counselors, and nurses. *Id*.

Plaintiff did meet with a nurse on one occasion. (Doc. 16, p. 8). She ordered him to submit to a shot. *Id*. However, the nurse did not tell Plaintiff why it was being administered or what medicine he would be given. *Id*. Nevertheless, she threatened Plaintiff with additional time in segregation if he refused the shot. *Id*. To avoid additional punishment, Plaintiff agreed to take the shot. *Id*. The nurse returned to his cell twice to administer two additional rounds. *Id*. After reluctantly taking all three shots, Plaintiff began turning red in the face, and his arms developed sores. *Id*. He never received medical attention for this allergic reaction. *Id*.

When Plaintiff was finally transferred to the "hill" at Menard, he was subjected to other objectionable conditions. (Doc. 16, p. 7). On the way to and from the "pit" where he worked

each day, Plaintiff was strip searched (*i.e.*, twice daily). *Id*. Female guards were present during one of these searches. *Id*. Plaintiff alleges that he was also harassed. *Id*.

Plaintiff remained at Menard from September 6, 2013 until May 5, 2015. (Doc. 16, p. 8). He spent a total of three months in segregation and a total of eight months in "segregation solitary confinement." *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* First Amended Complaint into the following counts:

> **Count 1 -** First, Eighth, and Fourteenth Amendment claims against Pinkneyville's warden for the events that occurred at that prison between February 5, 2013 and September 6, 2013.
>
> **Count 2 -** First, Eighth, and Fourteenth Amendment claims against Menard's warden for the events that occurred at that prison between September 6, 2013 and May 5, 2015.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Severance

Plaintiff's claims fall into two distinct groups. The first set of claims (Count 1) arose during Plaintiff's incarceration at Pinckneyville from February 5, 2013 until September 6, 2013. The second set of claims (Count 2) arose during Plaintiff's incarceration at Menard from September 6, 2013 until May 5, 2015. Plaintiff brings these two sets of claims against different

defendants, and the claims are unrelated to one another. As such, Counts 1 and 2 belong in two separate actions.

Accordingly, the more recent claims against Menard's warden in Count 2 shall be severed into a separate case pursuant to *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit Court of Appeals emphasized that unrelated claims against different defendants belong in separate lawsuits. *Id*. This is "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Claims against different defendants, which do not arise from a single transaction or occurrence or a series of related transactions or occurrences and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). Prisoners who file "buckshot complaints" that include multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion when deciding whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Consistent with *George* and Federal Rule of Civil Procedure 21, the Court shall sever the Menard claims (*i.e.*, Count 2) against the Warden of Menard (2013-15) into a new case. A new case number will be assigned to the severed case, and a separate filing fee will be assessed. The severed case shall undergo preliminary review pursuant to § 1915A. The older Pinckneyville

claims (*i.e.*, Count 1) against the Warden of Pinckneyville (2013) shall remain in this action and will be screened below.

## Merits Review Under 28 U.S.C. § 1915A

Count 1 is the only set of claims that remains in this case pursuant to the severance order. This claim is now subject to preliminary review under § 1915A. Plaintiff alleges that Pinckneyville's warden is responsible for the constitutional deprivations that occurred during his incarceration at that prison in 2013. (Doc. 16, pp. 5-6). He seeks monetary relief against the warden. (Doc. 16, p. 9).

Although Plaintiff lists the warden as a defendant in the case caption, he includes no factual allegations against this individual in the statement of his claim. (Doc. 16). He does not allege that the warden participated in the conduct giving rise to his claims. *Id*. He also fails to mention filing any grievances or complaints with the warden regarding the misconduct of other prison officials, such as Officer Hicks or the unidentified correctional officer mentioned in the statement of his claim. (Doc. 16, pp. 5-6).

The Seventh Circuit Court of Appeals has long recognized that "a plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982). Merely invoking the name of a potential defendant is insufficient to state a claim against that individual. *Id*. Similarly, Plaintiff cannot rely on conclusory allegations to support a claim against a defendant under *Twombly* or *Iqbal*. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Additionally, Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). "[T]o be liable under § 1983, an individual defendant must have caused or

participated in a constitutional deprivation." *Id.* The doctrine of *respondeat superior*, or supervisory liability, does not apply to actions filed under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff's original Complaint suffered from the same problem (Docs. 1, 15). In fact, the Court instructed Plaintiff to include allegations indicating who violated his constitutional rights, when his rights were violated and what conduct resulted in each alleged violation. (Doc. 15, p. 3). Plaintiff disregarded these instructions and in doing so failed to address this issue. Thus, the claims in Count 1 against Pinckneyville's warden still do not survive screening.

Count 1 shall be dismissed against Pinckneyville's warden for failure to state a claim upon which relief may be granted. Plaintiff has already taken several opportunities to plead his claims against this defendant and has failed to do so. (*See, e.g.*, Docs. 1, 13, 16). Accordingly, the dismissal shall be with prejudice. Because Count 1 is the only remaining claim in this action, it is appropriate to dismiss the First Amended Complaint and this action with prejudice. Plaintiff shall also receive a "strike" under 28 U.S.C. § 1915(e), (g).

## Disposition

**IT IS HEREBY ORDERED** that the claims against Defendant **WARDEN OF MENARD CORRECTIONAL CENTER** in **COUNT 2**, which are unrelated to the claims against Defendant **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** in **COUNT 1**, are severed into a new case against Defendant **WARDEN OF MENARD CORRECTIONAL CENTER**.

The newly severed case shall be captioned: **ENOS F. TAPLIN, Jr., Plaintiff vs. WARDEN OF MENARD CORRECTIONAL CENTER (2013-15), Defendant**.

The Clerk is **DIRECTED** to file the following documents in the new case:

    (1)       This Memorandum and Order;

    (2)       The Original Complaint (Doc. 1);

    (3)       The Order Dismissing Complaint (Doc. 15);

    (4)       The First Amended Complaint (Doc. 16);

    (5)       Motion for Leave to Proceed *in forma pauperis* (Doc. 12).

Plaintiff will be responsible for an additional $400.00[1] filing fee in the new case. The claims in the newly severed case are subject to review under 28 U.S.C. § 1915A after the new case number and judge assignment are made. No service shall be ordered on the defendants in the severed case until the § 1915A review is completed. That case is also subject to further severance, should the Court determine, as the case proceeds, that Plaintiff has improperly joined parties and/or claims in the newly severed case.

**IT IS ORDERED** that Defendant **WARDEN OF MENARD CORRECTIONAL CENTER** is **TERMINATED** from *this* action with prejudice.

**IT IS ORDERED** that the <u>*only claims remaining in this action are those claims in COUNT 1 against Defendant WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER.*</u> This case shall now be captioned: **ENOS F. TAPLIN, Jr., Plaintiff vs. WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (2013).**

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (2013)** for failure to state a claim upon which relief may be granted.

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 16) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS ORDERED** that any other claims arising at Pinckneyville Correctional Center against individuals who are not named as defendants in this action are considered **DISMISSED** without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 17, 2017**

                s/ STACI M. YANDLE
                **U.S. District Judge**